UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ASHLEY, | No. 2:13-cv-1126 TLN AC P |
| Petitioner, | |
| v. | ORDER |
| SINGH, | |
| Respondent. | |

Petitioner, a state prisoner, seeks relief under 28 U.S.C. § 2254. On June 12, 2013, respondent was ordered to file a response to the petition for writ of habeas corpus filed on June 5, 2013. Petitioner's July 23, 2013 motion for temporary restraining order is before the court.

Petitioner seeks an order preventing the California Department of Corrections ("CDCR") from transferring him "in violation of F.R.A.P. Rule 23(a)…." ECF No. 10 at 1. Petitioner believes he is being transferred in retaliation for having filed a complaint against CDCR staff and asserts that a transfer will separate him from his legal property and the inmate assistance he has been receiving at his current facility. Id. at 2.

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally Fed. R. Civ. P. 65; see also E.D. Cal. Local Rule 231(a). The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). In general, a plaintiff in a civil

1

case seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).  A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

As a threshold matter, convicted prisoners have no reasonable expectation that they will remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to another.  See Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236 (1976).  "[A] prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, indeed, even to a prison in another state, without offending the Constitution." Bravo v. Hewchuck, 2006 WL 3618023, *1 (N.D.Cal.2006) (citations omitted).  The United States Supreme Court has stated:

> Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State. Often, confinement in the inmate's home State will not be possible. A person convicted of a federal crime in a State without a federal correctional facility usually will serve his sentence in another State. Overcrowding and the need to separate particular prisoners may necessitate interstate transfers. For any number of reasons, a State may lack prison facilities capable of providing appropriate correctional programs for all offenders.

Olim v. Wakinekona, 461 U.S. 238, 245–246 (1983) (holding that an interstate prison transfer does not, standing alone, implicate the Due Process Clause).

In support of his motion, petitioner cites Fed. R. App. P. 23(a), which provides, in relevant part:

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule.

Fed. R. App. P. 23(a).

1   Here, there has been no decision for the release of petitioner.  Accordingly, the cited rule
2   is inapplicable.

3   Further, petitioner's motion for temporary restraining order essentially presents a
4   challenge to the conditions of his confinement, which may not be addressed in this habeas corpus
5   action.  When a prisoner challenges the fact or duration of his custody and a determination of his
6   action may result in entitlement to an earlier release, the sole available federal remedy is a writ of
7   habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th
8   Cir. 1990).  The proper mechanism for raising a federal challenge to conditions of confinement,
9   however, is through a civil rights action pursuant to 42 U.S.C. § 1983.  Badea v. Cox, 931 F.2d
10  573, 574 (9th Cir. 1991).

11  Finally, even if petitioner's allegations were properly presented here, they would still fail
12  to demonstrate that a temporary restraining order would be warranted.  His contentions of future
13  injury are, at this time, no more than theoretical.  Petitioner also has not shown likelihood of
14  success on the merits, that the balance of equities tips in his favor, or that an injunction is in the
15  public interest.

16  For the foregoing reasons, IT IS HEREBY ORDERED THAT petitioner's motion for a
17  temporary restraining order (ECF No. 10) is denied.

18  DATED: July 25, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//ashl1126.47

3