UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY ASHLEY,

        Petitioner,

   v.

SINGH,

        Respondent.

No. 2:13-CV-1126 TLN AC

FINDINGS AND RECOMMENDATIONS

      Petitioner is a state prisoner proceeding pro se and in forma pauperis on this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302. Currently pending before this court is respondent's motion to dismiss the petition due to petitioner's failure to exhaust state court remedies. ECF No. 12. Petitioner filed an opposition to the motion to dismiss along with a first amended § 2254 petition on September 3, 2013. ECF Nos. 15, 16. Respondent then filed a reply. ECF No. 18.

      For the reasons outlined below, the undersigned recommends that respondent's motion to dismiss be granted and that petitioner's federal habeas corpus petition be dismissed with leave to amend.

I.    <u>Original Habeas Corpus Petition</u>

      In his original § 2254 application, petitioner challenged a June 22, 2012 prison

1

disciplinary proceeding in which he was found guilty of possessing inmate manufactured alcohol and assessed a 120 day loss of behavioral credits.  Petitioner alleged that his Fourteenth Amendment due process and equal protection rights were violated because the substance found in his cell was never lab tested, in violation of California regulations.  Attached to the petition were copies of petitioner's administrative challenges to the June 22, 2012 Rules Violation Report[1] (Log #04-V-0612-033), a copy of the RVR itself, and several state court summary denials of petitioner's habeas corpus applications.  ECF No. 1 at 12-31.  The state habeas corpus petitions themselves were not attached, however, so it was not possible to tell what prison disciplinary proceeding was challenged or what federal claims were raised therein.

II.     Motion to Dismiss

On August 12, 2013 respondent filed a motion to dismiss the habeas corpus petition based on the failure to exhaust state court remedies.  ECF No. 12.  In the motion, respondent alleged that the state habeas corpus application that petitioner filed in the California Supreme Court concerned a rules violation report issued on April 23, 2012 and not the one issued on June 22, 2012.  ECF No. 12 at 3.  Respondent attached the entire habeas corpus petition filed in the California Supreme Court along with all of its original attachments.  ECF No. 12-1 at 2-23.  On this basis, respondent argued that petitioner had failed to exhaust his state court remedies with respect to the June 22, 2012 rules violation report at issue in his pending federal habeas corpus petition.

In his opposition to the motion to dismiss, petitioner admits that he erroneously attached the California Supreme Court habeas corpus petition in Case No. S208809 to his original federal habeas corpus application.  ECF No. 15 at 1.  In an attempt to correct this error, petitioner attached the July 10, 2013 California Supreme Court order summarily denying the habeas corpus petition in Case No. S210435.  ECF No. 15 at 2.

In reply, respondent argues that the July 10, 2013 state court order supports the motion to dismiss, because it issued after the federal petition was filed.  ECF No. 18 at 2.

---

[1] Hereinafter referred to as an "RVR."

III.     Exhaustion Principles

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss for non-exhaustion as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602–03 (9th Cir. 1989). Based on the Rules Governing Section 2254 Cases and case law, the court will review respondent's motion for dismissal pursuant to its authority under Rule 4.

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). As long as a petition contains at least one exhausted claim at the time it is filed, subsequently-exhausted claims may be added later under some circumstances. See Rhines v. Weber, 544 U.S. 269 (2005) (authorizing a stay and abeyance of a mixed federal habeas corpus petition to petmit exhaustion of additional claims); King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (holding that Circuit's alternative stay and abeyance procedure remains a viable option even after the Supreme Court's decision in Rhines v. Weber); Raspberry v. Garcia, 448 F.3d 1150 (9th Cir. 2006) (declining to extend the Rhines v. Weber stay and abeyance procedure to wholly unexhausted petitions); Calderon v. United States District Court (Taylor), 134 F.3d 981 (9th Cir. 1998) (holding that "a district court may, in its discretion, allow a petitioner to amend a mixed petition by deleting the unexhausted claims, hold the exhausted claims in abeyance until the unexhausted claims are exhausted, and then allow the petitioner to amend the stayed petition to add the now-

1 exhausted claims."). When a federal habeas petition is wholly unexhausted at the time it is filed,
2 however, it must be dismissed pending the exhaustion of state court remedies. See Rasberry v.
3 Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (completely unexhausted petition must be dismissed
4 without prejudice). Completion of exhaustion after the filing of the federal petition does not
5 avoid this result. Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001) (holding that the district court
6 properly dismissed the federal habeas petition even though at the time of dismissal the claims had
7 been exhausted in state court).

8 After reviewing the relevant attachments to the motion to dismiss and opposition, the
9 court finds that petitioner failed to exhaust his state court remedies with respect to the June 22,
10 2012 rules violation report prior to the filing of his federal habeas corpus petition. However, it
11 now appears that the California Supreme Court has denied the state habeas petition that was
12 pending at the time that petitioner filed the instant federal habeas corpus petition thus exhausting
13 his claims. See ECF No. 15. Therefore, the habeas corpus petition filed on June 5, 2013 must be
14 dismissed without prejudice.

15 IV.     Amended Habeas Corpus Petition

16 Petitioner filed a first amended habeas corpus petition at the same time that he filed his
17 opposition to respondent's motion to dismiss. ECF No. 16. Unfortunately, the first amended
18 petition created more confusion than it solved. Ground three of the amended petition, specifically
19 references Rules Violation Report Log #04-V-0412-071 and its resulting 120 day loss of behavior
20 credit. ECF No. 16 at 5. All of the attachments to the amended petition relate to this same RVR.
21 ECF No. 16 at 7-30. Based on the attached exhibits, it appears that petitioner seeks to challenge a
22 separate April 23, 2012 prison disciplinary proceeding for possession of inmate manufactured
23 alcohol which corresponds to RVR 04-V-0412-071. Id. Based on this most recent filing, it is not
24 clear whether petitioner is challenging the April 23, 2012 or June 22, 2012 prison disciplinary
25 hearing, or both.

26 Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the undersigned
27 recommends that the first amended habeas corpus petition be dismissed for failing to state
28 petitioner's claims with sufficient specificity. See Hendricks v. Vasquez, 908 F.2d 490, 491-92

4

(9th Cir. 1990) (stating that summary dismissal is appropriate when the claims in the petition are "vague or conclusory"). Petitioner will be afforded one last opportunity to file a second amended habeas corpus petition which clearly indicates the specific prison disciplinary proceeding(s) he is challenging. See Fed. R. Civ. P. 15(a)(2) (stating that the court should freely grant leave to amend "when justice so requires."); Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (finding that leave to amend should be granted unless it appears that no tenable claim for relief can be pleaded).

IT IS HEREBY RECOMMENDED that

1. Respondent's motion to dismiss be granted (ECF No. 12);

2. Petitioner's petition for writ of habeas corpus be dismissed for failing to exhaust state court remedies (ECF No. 1);

3. Petitioner's first amended habeas corpus petition be dismissed for failing to state his claims for relief with sufficient specificity (ECF No. 16);

4. Petitioner be granted leave to file a second amended petition for writ of habeas corpus within thirty days from the date of service of these findings and recommendations.[2]

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with a copy, Petitioner may file an amended petition or file written objections with the Court. In the event he files an amended petition, he must entitled it "Second Amended Petition" and provide the case number. Respondent shall then file a responsive pleading to the second amended habeas corpus petition within thirty days after service of the petition. Should petitioner opt to file objections, the document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen days after service of the Objections. The District Court will then review the

---

[2] By setting this deadline, the court is making no finding or representation that the petition is not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225 (9th Cir. 2013). Petitioner is advised that a one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis).

1 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that
2 failure to file objections within the specified time may waive the right to appeal the District
3 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: November 26, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE