UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ASHLEY,<br><br>   Plaintiff,<br><br>   v.<br><br>SINGH, Warden,<br><br>   Defendant. | No. 2:13-cv-01126 TLN AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action proceeds on the basis of the second amended petition, filed January 13, 2014. ECF No. 20. Petitioner seeks relief from two disciplinary actions which resulted in the loss of custody credits, thus affecting the duration of his incarceration. Id. Respondent filed an answer on February 4, 2014. ECF No. 22. Petitioner did not file a traverse, and the time for doing so has expired.

FACTUAL AND PROCEDURAL BACKGROUND

The First Incident

Petitioner is serving a twenty-three year sentence in the custody of the California Department of Corrections and Rehabilitation. On April 23, 2012, while petitioner was an inmate at the California Medical Facility, correctional officer Manley unlocked his cell door to release him for the evening meal, and smelled alcohol. Officer Manley searched petitioner's cell. He

1  found two plastic bags containing a total of approximately a half gallon of a jelly-like substance
2  that smelled like alcohol and contained bits of fruit.  The bags were wrapped in a pillow case and
3  placed inside a cardboard box.  Two other bags, each containing about a hundred packets of sugar
4  and syrup, were on top of the cardboard box.

5  Prison officials issued a Rules Violation Report ("RVR") charging petitioner with
6  possession of inmate-manufactured alcohol, a violation of Title 15, Cal. Code Regs. § 3016(a).
7  ECF No. 20 (petition) at 56.  A prison disciplinary hearing was held on June 14, 2012.  The
8  hearing officer found petitioner guilty of the charge and assessed a 120-day loss of custody
9  credits.  Id. at 59.  Petitioner filed an administrative appeal, which was denied at all levels of
10 review.

11 On October 30, 2012, petitioner filed a habeas petition in Solano County Superior Court,
12 challenging the June 14, 2012 disciplinary finding.  ECF No. 22-1 at 9 (Resp. Ex. 2).  The
13 petition was denied in a written order on December 12, 20132.  Id. at 4-6.  On January 18, 2013,
14 petitioner presented the same claims to the California Court of Appeal.  ECF No. 22-1 at 32
15 (Resp. Ex. 3).  That petition was summarily denied on January 24, 2013.  Id. at 31.  On February
16 20, 2013, petitioner presented the same claims to the California Supreme Court.  ECF No. 22-1 at
17 58 (Resp. Ex. 4).  That petition was summarily denied on May 1, 2013.  Id. at 57.

18 The Second Incident

19 On June 22, 2012, Officer Manley conducted another search of petitioner's cell.  Inside
20 petitioner's locker, he found a plastic bag containing a light brown liquid composed of syrup and
21 bits of fruit, which smelled of alcohol.  The total amount of liquid appeared to be about two
22 gallons.  Correctional Lieutenant Milrich inspected the contraband and verified that the liquid was
23 inmate-manufactured alcohol.  Prison officials issued a Rules Violation Report ("RVR") charging
24 petitioner with possession of inmate-manufactured alcohol, a violation of Title 15, Cal. Code
25 Regs. § 3016(a).  ECF No. 20 (petition) at 27.

26 A prison disciplinary hearing was held on July 6, 2012.  The hearing officer found
27 petitioner guilty of the charge and assessed a 120-day loss of custody credits.  Id. at 31.  Petitioner
28 filed an administrative appeal, which was denied at all levels of review.

On January 3, 2013, petitioner filed a habeas petition in Solano County Superior Court, challenging the July 6, 2012 disciplinary finding. ECF No. 22-2 at 6 (Resp. Ex. 5). The petition was denied in a written order on February 19, 2013. Id. at 2. On April 2, 2013, petitioner presented the same claims to the California Court of Appeal. ECF No. 22-1 at 28 (Resp. Ex. 6). That petition was summarily denied on April 4, 2013. Id. at 27. On May 1, 2013, petitioner presented the same claims to the California Supreme Court. ECF No. 22-2 at 52 (Resp. Ex. 7). That petition was summarily denied on July 10, 2013. Id. at 51.

## STANDARNDS GOVERNING HABEAS RELIEF

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 131 S. Ct. 770, 785 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. at 784-785 (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Clearly established federal law also includes "the legal principles and

3

standards flowing from precedent." Bradley v. Duncan, 315 F.3d 1091, 1101 (9th Cir. 2002) (quoting Taylor v. Withrow, 288 F.3d 846, 852 (6th Cir. 2002)).  Only Supreme Court precedent may constitute "clearly established Federal law," but circuit law has persuasive value regarding what law is "clearly established" and what constitutes "unreasonable application" of that law. Duchaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Robinson v. Ignacio, 360 F.3d 1044, 1057 (9th Cir. 2004).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000).  A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08.  It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable.  Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).  The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it.  Id.  In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 1399.  Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc).  A different rule applies where the state court rejects claims summarily, without a reasoned opinion.  In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny.  Richter, 131 S. Ct. at 786.

Relief is also available under AEDPA where the state court predicated its adjudication of a claim on an unreasonable factual determination.  Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir.), cert. denied, 543 U.S. 1038 (2004).  The statute explicitly limits this inquiry to the evidence that was before the state court.  28 U.S.C. §

4

1  2254(d)(2).

2  To prevail in federal habeas proceedings, a petitioner must establish the applicability of
3  one of the § 2254(d) exceptions and also must also affirmatively establish the constitutional
4  invalidity of his custody under pre-AEDPA standards.  Frantz v. Hazey, 533 F.3d 724.  There is
5  no single prescribed order in which these two inquiries must be conducted.  Id. at 736-37.  The
6  AEDPA does not require the federal habeas court to adopt any one methodology.  Lockyer v.
7  Andrade, 538 U.S. at 71.

8  <center>PETITIONER'S CLAIMS</center>

9  I.  Due Process

10  A.  Petitioner's Allegations

11  Petitioner states his second ground for relief as follows: "CDCR officials inflicted an
12  illegal lose [sic] of work/behavior credits upon petitioner in direct violation of CDCR 3290(e). . .
13  C.C.R. 3290(e) prohibits lose [sic] of credits unless substance is confirmed by a laboratory, due
14  process dictates that process be done or no credits may be taken."  ECF No. 20 at 6.[1]

15  Petitioner states his third ground for relief as follows: "Petitioner contends he has been
16  denied his fourteenth amendment constitutional right to due process of the law. . . .  No laboratory
17  report as name of the fluid was ever sent to be tested. . . yet as a result of a CDC 115 Log #04-v-
18  0612-033 120 days behavior credit was taken from petitioner. . ."  Id. at 7.

19  The court will consider these claims together, in relation to both disciplinary violations,
20  because petitioner made the same arguments in his separate state court petitions attacking each
21  violation.

22  B.  The Clearly Established Federal Law

23  Errors of state law do not support federal habeas relief.  Estelle v. McGuire, 502 U.S. 62,
24  67 (1991).  In the context of prison disciplinary proceedings, due process requires only that there
25  be "some evidence" to support the charge.  Superintendent v. Hill, 472 U.S. 445, 456 (1985).
26  Evidence susceptible to more than one logical interpretation is sufficient.  See Hill, 472 U.S. at

27
28  [1] Citations to court documents refer to the page numbers assigned by the court's electronic docketing system.

457. The reviewing court must defer to prison authorities as long as "there is *any evidence* in the record that could support the conclusion reached" by the hearing officer. Id. at 455-46 (emphasis added).

### C. The State Court's Rulings

Because the California Supreme Court denied both petitions without comment, this court "looks through" the silent denials to the last reasoned state court decision addressing each petition. See Ylst v. Nunnemaker, 501 U.S. 797 (1991). Because the superior court issued the only reasoned decisions adjudicating the claims, those are the decisions reviewed for reasonableness under § 2254(d). See Bonner v. Carey, 425 F.3d 1145, 1148 n.13 (9th Cir. 2005).

In response to petitioner's first habeas petition, directed at the June 14, 2012 disciplinary finding, the superior court ruled as follows:

> In this petition, Petitioner argues that there is insufficient evidence to support the finding of guilt because the substance found was never confirmed alcohol by a laboratory, and he contends that he had a right under CCR § 3290 to have the substance tested by a laboratory before credits were assessed as punishment.
>
> The decision of the hearing officer is supported by some evidence in the record. (*Superintendent v. Hill* (1985) 472 U.S. 445, 454-55; *In re Zepeda* (2006) 141 Cal.App.4th 1493, 1497.) In this case, Officer Manley reported that Petitioner's cell smelled strongly of alcohol, so he searched it and found about half a gallon of a brown jelly-like substance in a plastic bag in a cardboard box in petitioner's locker. The substance smelled of alcohol and consisted of small pieces of fruit, such as apples, and other unidentified substances. On top of the box were two bags with about 100 sugar and syrup packets. Officer Manley identified the substance as inmate manufactured alcohol. This is some evidence to support the finding of guilt for "fermentation or distillation of materials in a manner consistent with the production of alcohol in prison."
>
> Petitioner's contention that he had a right under CCR § 3290 to have the substance tested by a laboratory before credits were assessed as punishment lacks merit. CCR § 3290 does not require lab testing before an inmate can be assessed credit for making or attempting to make alcohol. It requires lab testing before inmates can be assessed credits in disciplinary actions for possession of a controlled substance. (*See* Cal. Code Regs., tit. 15, § 3290(e) & (g).)

ECF No. 22-1 at 4-5.

////

In response to the second petition, which challenged the July 6, 2012 disciplinary finding, the superior court ruled as follows:

> In this petition, Petitioner's sole contention is that his rights were violated because credits were assessed as punishment for his RVR without the substance found in his cell ever being tested by a laboratory per CCR § 3290.
>
> Petitioner, however, fails to show that he had any right under CCR § 3290(e) to have the substance found in his cell tested by a laboratory before credits were assessed as punishment. CCR § 3290 does not require lab testing before an inmate can be assessed credit as punishment for possession of inmate manufactured alcohol. It requires lab testing before inmates can be assessed credits in disciplinary proceedings for possession of a controlled substance. (*See* Cal. Code Regs., tit. 15, § 3290 (e) & (g).) Petitioner cites no authority to support his position to the contrary.

ECF No. 22-2 at 2-3.

### D. Analysis

This court must defer to the state courts' determination that Cal. Code Regs. § 3290 does not require laboratory testing of suspected inmate-manufactured alcohol. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (federal habeas court bound by state court's interpretation of state law). The only question that is cognizable in this court is whether the credit forfeiture was supported by "some evidence" of a disciplinary violation, as Hill requires. Under 28 U.S.C. § 2254, the dispositive question is whether the state court's resolution of that issue was objectively unreasonable. It was not.

The superior court applied Hill in relation to the first disciplinary violation, and applied it correctly. The Hill standard is "minimally stringent." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). Here, the evidence that both petitioner's cell and the suspect substance smelled like alcohol, and that ingredients commonly associated with alcohol manufacturing (fruit, sugar and syrup) were present, constitutes "some evidence" that the substance was alcohol. Due process requires nothing more.

The superior court did not cite Hill in relation to the second disciplinary violation, and did not explicitly address sufficiency of the evidence. Even if there was therefore no adjudication of the due process claim within the meaning of 28 U.S. § 2254(d), and this court were to apply de

novo review,[2] petitioner's claim would fail.  The Hill standard is readily satisfied for the same reasons articulated by the superior court in relation to the previous violation.

   II.   Equal Protection

      A.  Petitioner's Allegations

Petitioner states his first ground for relief as follows: "Petitioner contends he has been denied his fourteenth amendment constitutional rights to equal protection under the law. . . .  The California Code of regulations (CCR) is the rules and regulations as to how CDCR treats and handles California prisoners at the same class and category as this petitioner[.]  CCR Title 15 3290(e) affirm[s] petitioner grounds[.]"  ECF No. 20 at 6.

Petitioner states his fourth ground for relief as follows: "Equal Protection of the Law. . . . The lose [sic] of behavior credit in this matter demonstrates that this petitioner has been denied the equal protection of the law, due prisoners at the same class and category as this petitioner."  ECF No. 20 at 7.

The court will consider these claims together, construed as directed to both disciplinary violations.

      B.  The Clearly Established Federal Law

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  The U.S. Supreme Court has clearly stated that "unless a government classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest."  Nordlinger v. Hahn, 505 U.S. 1, 10 (1992) (citations omitted).

      C.  The State Courts' Rulings

The California Supreme Court denied petitioner's claims without comment or citation, and neither reasoned superior court order mentioned the equal protection aspect of petitioner's

---

[2]  See Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

challenge to the disciplinary findings.

### D. Analysis

This claim fails under any standard of review.[3] Petitioner has identified no facts suggesting that he has been discriminated against because of his membership in a protected class. See Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), cert. denied, 543 U.S. 825 (2004). Nor has he identified a classification that lacks a rational relationship to a legitimate state purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Petitioner has not identified how he has been treated differently from other prisoners "at the same class and category." ECF No. 20 at 6, 7.

Perhaps petitioner means to claim that equal protection principles prohibit CDCR from requiring laboratory tests to confirm the identity of controlled substances but not to confirm the identity of alcohol. If so, the claim fails on its face. There is nothing irrational, or unrelated to legitimate penological interests, in distinguishing between substances that are controlled in any setting (e.g., narcotics and other drugs) and substances that are legal outside prison but contraband for prisoners (such as alcohol). Nor is it irrational to require testing of substances the identity of which may not be apparent to the unaided senses, but not of a substance – alcohol – with a well-known and distinctive odor.

In any event, petitioner has failed to state an equal protection claim. Accordingly, the state courts' summary denial was entirely reasonable. Even without the deference required under AEDPA, the claim is subject to summary dismissal.

### CONCLUSION

Accordingly, for the reasons explained above, it is hereby RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-eight

---

[3] Where a state court has not explained its reasoning, the federal court applying AEDPA asks whether there is any reasonable basis for the state court's decision in light of clearly established federal law. Harrington v. Richter, 131 S. Ct. at 786. Where a state court has not adjudicated the federal question presented to it, de novo review applies. Pirtle v. Morgan, 313 F.3d at 1167.

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 27, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE